**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN DIMMICK,

       Plaintiff,

  v.

UNITED STATES OF AMERICA,

       Defendant.
_____/

No. C 05-0971 PJH

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant's ("the government's") motion for summary judgment came on for hearing on May 10, 2006, before this court. Plaintiff Kevin Dimmick ("Dimmick") appeared through his counsel, Kate Wells and Sally Williams. The government appeared through its counsel, Abraham Simmons. Having read the papers and listened to arguments, and having carefully considered the relevant legal authority, for the reasons stated on the record, the court DENIES the government's motion for summary judgment as to Dimmick's sole surviving negligence claim. Additionally, for the reasons stated on the record, the court DENIES Dimmick's motion for a continuance pursuant to Federal Rule of Civil Procedure 56(f).

As noted on the record, the court finds that there is a triable issue of fact regarding Dimmick's negligence claim based on the government's failure to obtain his informed consent prior to prescribing drugs in anticipation of his potential participation in the investigational drug studies. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

1  (1986).

2  In the recent motion papers, both parties appear to miss the focus of Dimmick's
3  surviving claim and mistakenly advocate an "all or nothing" approach.  This court has
4  already found in two prior orders that Dimmick was never a human experimentation
5  subject.  However, that does not necessarily mean that Dimmick was simply a patient
6  seeking treatment, either.  In this court's February 3, 2006 order, the court specifically
7  noted that "neither party has addressed the specific issue of whether defendant's
8  prescription of medication *in anticipation of potential participation in a human*
9  *experimentation study* required Dimmick's informed consent."  In the most recent papers,
10 the parties again completely fail to address that issue.  Thus, while it is clear that pursuant
11 to Dimmick's status as a patient, he is entitled to the garden-variety informed consent
12 duties under California law, what is not clear is whether he is entitled to something more
13 based on his status as a potential or prospective study participant.

14 To assist the parties in preparing for trial, the court sets forth pertinent California law
15 regarding garden-variety informed consent claims.  However, this is intended *only as a*
16 *starting point.*  As noted, the parties need to examine California law not only as it is
17 pertinent to garden-variety informed consent claims, but also with respect to Dimmick's
18 particular status in this case as a *potential* or prospective study participant.

19 Liability for negligence under California law requires proof of the following elements:
20 (1) a legal duty of care; (2) a breach of that duty; and (3) causation.  *Ann M. v. Pacific*
21 *Shopping Ctr.*, 6 Cal.4th 666, 673 (Cal. 1993).  Under California law, a physician has a duty
22 "of reasonable disclosure of the available choices with respect to proposed therapy and of
23 the dangers inherently and potentially involved."  *Arato v. Avedon*, 5 Cal.4th 1172, 1183
24 (Cal. 1993) (en banc) (quoting *Cobbs v. Grant*, 8 Cal.3d 229, 242 (Cal. 1972)).  In addition
25 to warning of potential risks of treatment, under California law, "in order to satisfy his or her
26 duty to the patient and to obtain the patient's informed consent, [a physician must] disclose
27 personal interests unrelated to the patient's health, whether research-related or economic,
28

that may affect his or her medical judgment." Levy et al., 3 California Torts, § 31.14[4A], Lack of Informed Consent (2006) (citing *Moore v. Regents of Univ. of Cal.*, 51 Cal.3d 120, 129, 131-32 (Cal. 1990)).

Recently, a California appellate court held that the existence or nonexistence of written consent is not dispositive regarding the sufficiency of the disclosure. *See Quintanilla v. Dunkelman*, 133 Cal.App.4th 95, 115-16 (Cal. Ct. App. 2005). In *Quintanella,* the California appellate court held that the plaintiff's written, signed consent form was *not* conclusive proof of informed consent. *See id.* In holding that "a signed consent is not entitled to conclusive proof of informed consent," the court noted:

> The law is clear in California that the existence of informed consent is an issue of fact for the jury. The question has been described as 'a peculiarly fact-bound assessment which juries are especially well-suited to make.' In administering the doctrine of informed consent, 'each patient presents a separate problem, . . . the patient's mental and emotional condition is important and in certain cases may be crucial, and . . . in discussing the element of risk a certain amount of discretion must be employed consistent with the full disclosure of facts necessary to informed consent.

*Id.* (citing *Arato*, 5 Cal.4th at 1185-86).

Regarding causation for a negligence claim based on lack of informed consent, under California law, "[t]here must be a causal relationship between the physician's failure to inform and the injury to the plaintiff." Levy et al., 3 California Torts, § 31.14[4A], Lack of Informed Consent (2006).

> The causal connection arises only if it is established that had revelation been made consent to treatment would not have been given. To avoid the problem of the patient's 20/20 hindsight, the test of whether or not the patient would have consented to the procedure is an objective, not a subjective one. The test to be applied is what a prudent person in the patient's position would have decided if adequately informed of all significant perils.

*Id.* (citing *Cobb*, 8 Cal.3d at 245).

## CONCLUSION

The government's motion for summary judgment is DENIED, and Dimmick's motion for a continuance under Rule 56(f) is DENIED. Additionally, as stated on the record, Dimmick will not be permitted to expand his surviving informed consent claim to include a

failure to monitor or to timely respond to his complaints. Dimmick's treating physician, Dr. Green, will be afforded leeway in his testimony. However, the court noted that Dimmick may submit in writing his objections related to the government's May 1, 2006, disclosures. Additionally, the court's denial of the government's motion for summary judgment should obviate the need for such a discovery motion. Nevertheless, to the extent that Dimmick continues to object to such disclosures, he must file and serve his written objection **no later than seven days from the date of this order.**

The case is set for a three-day bench trial to commence October 16, 2006, and the pretrial conference is set for September 21, 2006. As the court noted on the record, the parties will be required to submit proposed findings of fact and conclusions of law in advance of the pretrial conference. A pretrial order will follow.

**IT IS SO ORDERED.**

Dated: May 12, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge

4