United States District Court

For the Northern District of California

1

2

3    UNITED STATES DISTRICT COURT

4    NORTHERN DISTRICT OF CALIFORNIA

5

6

7    KEVIN DIMMICK,

8            Plaintiff(s),                    No. C 05-0971 PJH

9        v.                                   **ORDER**

10   UNITED STATES OF AMERICA,

11           Defendant(s).

12   _____/

13          Notwithstanding the denial of plaintiff's Rule 56f request for a continuance, plaintiff

14   was given leave to file his objections related to the government's May 1, 2006, disclosures.

15   The court has reviewed plaintiff's submission of May 19, 2006, entitled "Motion to Enforce

16   Discovery; Motion to Reopen Discovery to Permit Motion to Enforce Responses to Prior

17   Discovery to Be Compelled."  As is usual, rather than provide a plain statement of his

18   objections to the government's disclosures, plaintiff has thrown in a veritable cornucopia of

19   complaints and it is impossible to determine exactly how the government has erred or what

20   plaintiff wants.  Plaintiff appears to be seeking a reopening of discovery in order to seek

21   additional discovery, in order to lodge complaints about the government's prior disclosures

22   and/or discovery responses, and in order to file a motion to compel.  He also appears to be

23   seeking an order requiring that the government's disclosures be treated as discovery

24   responses and that they be verified.  He also appears to be seeking some sort of sanction

25   against the government.

26          The government was not afforded in the May 12, 2006 order, an opportunity to

27   respond as the court wanted to see something in writing from plaintiff, with the hope of

28   achieving some level of understanding of the problem before attempting to address it.  As

the court is in no better position than it was at the time of the hearing, the court elects to proceed as follows.

Local Rule 26-2 requires that motions to compel be filed within 7 days after any discovery cutoff date set by the court.  Accordingly, as the discovery cutoff date was April 14, 2006, any motion to compel should have long since been filed.  However, because this matter will be tried to the court, and because of this court's lengthy experience with plaintiff's various cases, and in view of the limited issue remaining for trial and this court's desire to have as complete a record before it as possible at trial, the court will permit a discovery motion to be filed by plaintiff.

Before such motion is filed, however, the parties shall **meet and confer in person** to try to resolve this dispute.  Should the meet and confer be unsuccessful, plaintiff shall file his motion **no later than May 31, 2006** and the government's response shall be filed no later than **June 9, 2006.**  No reply will be permitted; the matter will be decided on the papers.  Plaintiff's motion shall comply with Local Rule 37-2 which set's forth the form of motions to compel and shall be specific as to what, if any, rules have been violated by the government and as to what plaintiff is seeking.  A lack of clarity will result in the denial of the motion.  Given the court's unavailability from June 19 - July 24, 2006, **no continuances of these dates will be permitted.**

        **IT IS SO ORDERED.**

Dated: May 22, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge