UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN DIMMICK,

       Plaintiff,

       v.

UNITED STATES OF AMERICA,

       Defendant.

_____/

No. C 05-0971 PJH

**ORDER RE: PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

On May 10, 2006, the court denied Dimmick's Rule 56(f) motion. However, based on Dimmick's representations at the hearing, the court gave Dimmick leave to file objections related to the government's May 1, 2006, disclosures. Instead of filing objections to the disclosures, Dimmick filed a motion that appeared to seek a reopening of discovery in order to seek additional discovery, in order to lodge complaints about the government's prior disclosures and/or discovery responses, and in order to file a motion to compel. On May 22, 2006, the court ordered a meet and confer and set a briefing schedule to afford the government an opportunity to respond to the issues raised by Dimmick.

In response to the May 22, 2006 order, the parties met and conferred, and Dimmick filed a motion to compel discovery on May 31, 2006, to which the government responded on June 9, 2006. Having reviewed the papers, the court notes that once again, Dimmick's papers are less than comprehensible, and that he has failed to follow Civil L.R. 37-2, as required by this court's previous order.

The court had anticipated that Dimmick would set forth the good cause in support of leave to file this untimely motion to compel. There is absolutely no showing approaching

1  good cause in Dimmick's current papers.  Additionally, Dimmick has also failed to address
2  the government's May 2006 disclosures – the disclosures that Dimmick represented to the
3  court at the May 10, 2006 hearing necessitated the filing of this motion.  Therefore,
4  because Dimmick has failed to reference those disclosures, the court may only assume
5  that there is no objection.

6  Instead, Dimmick reiterates the same issues previously denied by this court in
7  conjunction with his Rule 56(f) motion.  He challenges the government's responses to his
8  requests for production and to his interrogatories.

9  As for the document requests, the court DENIES Dimmick's motion in its entirety.
10  Civil L.R. 37-2 required Dimmick to set forth in full the relevant requests for production.  As
11  the government notes, he failed to do so; and also failed to attach the relevant requests for
12  production.  Because he has failed to follow the local rules and because his papers lack
13  clarity and specificity, the court finds it nearly impossible to discern the government's
14  alleged error(s) and the basis for granting Dimmick any relief.

15  With respect to Dimmick's interrogatories, the court DENIES Dimmick's motion as to
16  all of the requests with the exception of one.  Dimmick's interrogatories as a whole are, to a
17  large degree, incomprehensible.  The court finds that they are vague and ambiguous, do
18  not seek information that is relevant or reasonably calculated to lead to admissible
19  evidence, and that many of Dimmick's challenges have been mooted by the parties' meet
20  and confer.  The only relief to which Dimmick is perhaps marginally entitled concerns
21  Special Interrogatory #4, which asks the government to:

22  > Describe in detail when Lampiris first became aware of the drug study for Tipranivir that began in March 2003 including how he became aware of the
23  > study.

24  The court therefore ORDERS the government to supplement its responses to provide
25  Dimmick with the date that Dr. Lampiris first became aware of the Tipranivir study, to the
26  extent that information exists, **within thirty days** of the date of this order.

27  Accordingly, for the reasons set forth above, the court DENIES Dimmick's motion in
28

2

its entirety with the exception of Special Interrogatory #4.  No further discovery motions will be entertained.

**IT IS SO ORDERED.**

Dated: June 13, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge